UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 2523 AGF |
| ) | |
| SIXTEEN THOUSAND, SIX HUNDRED ) | |
| FORTY-THREE DOLLARS ($16,643.00) ) | |
| U.S. CURRENCY, and ) | |
| ) | |
| THIRTEEN THOUSAND, ) | |
| TWO HUNDRED TWENTY DOLLARS ) | |
| ($13,220) U.S. CURRENCY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This forfeiture action is before the Court on the motion of Plaintiff, United States of America, for default judgment against the defendant property, $16,643.00 and $13,220.00 in United States currency. The defendant property was seized from Christopher McGlynn in April 2017 by the United States Postal Inspection Service, immediately after the controlled delivery of two packages containing marijuana to the residence located at 1205 Claycrest Drive, St. Charles, Missouri. Plaintiff asserts that it was furnished, or intended to be furnished, in exchange for controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.; was proceeds traceable to such an exchange; and was used or intended to be used to facilitate such an exchange.

Plaintiff initiated these *in rem* forfeiture proceedings on October 4, 2017, under 21 U.S.C. § 881(a)(6). Claimant Christopher McGlynn was served with process by way of

certified United States mail in December 2017 to an address in Columbia, Missouri. He was also sent notice of forfeiture by first-class United States mail at his last known address. Kayla Howard, who was in the residence when the defendant property was seized during execution of the search warrant, was sent notice by first-class United States mail on March 2, 2018. Other potential claimants have been notified of this action by way of publication concerning the action.

Plaintiff received a claim by mail from Christopher McGlynn in January 2018. In February and June 2018, Plaintiff sent McGlynn letters notifying him that his verified claim and answer must be filed in writing with the Court in compliance with Supplemental Rule G. ECF Nos. 16-2, 16-3. Neither McGlynn, nor any other potential claimant, has filed anything with the Court in response to service or publication, and the deadlines for doing so under Supplemental Rule G have passed. On August 28, 2018, Plaintiff filed a motion for entry of default, and on the following date, the Clerk of the Court entered such default.

Default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). "It is within the discretion of the Court to enter a default judgment against a party who has failed to plead or defend." *Woodbury v. Courtyard Mgmt., Corp.*, 990 F. Supp. 2d 990, 993 (E.D. Mo. 2014) (citing *United States v. U.S. Currency in amount of $13,000.00*, No. 12-00811-CV-C-NKL, 2012 WL 5422316, at *1 (W.D. Mo. Nov. 6, 2012)). "Prior to the entry of a default judgment, a

court should satisfy itself that the plaintiff is entitled to judgment by reviewing the sufficiency of the complaint and substantive merits of the plaintiff's claim." *CitiMortgage, Inc. v. First Residential Mortgage Servs. Corp.*, No. 4:13CV00703 AGF, 2014 WL 721914, at *2 (E.D. Mo. Feb. 24, 2014) (citation omitted). "Because the liability of a defendant is established upon entry of default, once default is entered, the plaintiff is not required to further establish its right to recover." *Id.* Since the allegations set forth in the complaint are taken as true, the Court is satisfied that Plaintiff has demonstrated reasonable cause for seizure of the currency in question and that it is entitled to retain the $16,643.00 and the $13,220.00.

Because Plaintiff alleged some claim by McGlynn had been served on Plaintiff, the Court issued an order on September 11, 2018, giving McGlynn one final opportunity to show cause as to why default judgment should not be entered. The deadline for a response was September 21, 2018, and nothing has been filed. Therefore, Plaintiff's motion for default will be granted.

Upon review of the record,

**IT IS HEREBY ORDERED** that all persons claiming any right, title or interest in or to the defendant property are held in default.

**IT IS FURTHER ORDERED** that the defendant property is hereby forfeited to the United States of America and may be disposed of according to law.

**IT IS FURTHER ORDERED, FOUND AND CERTIFIED** that, pursuant to 28 U.S.C. § 2465, reasonable cause existed for the seizure of the defendant property.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment against the defendant property is **GRANTED**. (ECF. No. 16.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated 26th day of September, 2018.